IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KANGDE XIN AMERICA, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-398 |
| WHEELER AVENUE, LLC, d/b/a OCEAN LAMINATING FILMS, | * | |
| | * | |
| Defendant. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Pending before the Court is defendant Wheeler Avenue, LLC's Motion to Dismiss Amended Complaint ("Defendant's Motion") for lack of personal jurisdiction. (ECF No. 23.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendant's Motion is DENIED.

BACKGROUND

Plaintiff Kangde Xin America, LLC ("KDX" or "plaintiff") is a limited liability company organized under the laws of Maryland with its principal place of business located in Easton, Maryland. (ECF No. 21 at ¶ 1.) Defendant Wheeler Avenue, LLC ("Wheeler" or "defendant") is a limited liability company organized under the laws of Rhode Island with its principal place of business located in Cranston, Rhode Island. (*Id.* at ¶ 2.) Defendant conducts business under the name "Ocean Laminating Films," and is engaged in the distribution of laminating films in the United States, including in Maryland. (*Id.* at ¶¶ 2-3.)

The parties have conducted business with each other for at least four (4) years, including through a non-exclusive distributor/agent agreement. (ECF No. 21 at ¶ 10.) Plaintiff's breach of contract claims in this case are based on two transactions: (1) defendant's alleged default on a promissory note entered into by the parties in 2012; and (2) defendant's alleged failure to make payment on goods ordered and received by defendant. (*Id.* at ¶¶ 22-25.)

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction challenges a court's authority to exercise its jurisdiction over the moving party. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). The jurisdictional question is "one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Id.* A court may hold an evidentiary hearing or permit discovery as to the jurisdictional issue, but it also may resolve the issue on the basis of the complaint, motion papers, affidavits, and other supporting legal memoranda. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009); *see also Armstrong v. Nat'l Shipping Co. of Saudi Arabia*, Civ. A. No. ELH-13-03702, 2015 WL 751344, *3 (D. Md. Feb. 20, 2015). In the latter situation, a plaintiff need only make "a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Eng'rs Corp.*, 561 F.3d at 276. When considering whether the plaintiff has made the requisite showing, "the court must take all disputed facts and reasonable inferences in favor of the plaintiff." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

ANALYSIS

Sitting in diversity, this Court may exercise personal jurisdiction over the non-resident defendant if "(1) the applicable state long-arm statute, confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process. *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). Maryland courts have consistently held that the state's long-arm statute, Md. Code Ann., Cts. & Jud. Proc., § 6-103, "is coextensive with the reach of the Due Process Clause of the United States Constitution." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016) (quoting *Beyond Sys., Inc. v. Realtime Gaming Holding Co., LLC,* 388 Md. 1, 878 A.2d 567, 580 (2005)). Thus, the "statutory inquiry merges with [the] constitutional inquiry." *Id.* (citing *Stover v. O'Connell Assocs., Inc.,* 84 F.3d 132, 135 (4th Cir.1996)).

The court's jurisdiction may be general, where the defendant has continuous and systematic contacts in the forum, or specific, where defendant's contacts form the basis of the suit. *Purdue,* 814 F.3d at 188. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 & n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Here, plaintiff does not allege that defendant had continuous and systematic contacts with Maryland, but, rather, asserts that this Court has specific personal jurisdiction over Wheeler based upon Wheeler's "purposeful established minimum contacts" with this forum which gave rise to this suit. (ECF No. 22 at 4-5.)

For a court to have specific personal jurisdiction over a defendant, the defendant must have "purposefully established minimum contacts in the forum State" such "that [it] should reasonably anticipate being haled into court there." *Perdue*, 814 F.3d at 189 (quoting

3

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In determining whether specific jurisdiction exists, the court considers "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Id.* (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 711–12 (4th Cir. 2002), *cert. denied,* 537 U.S. 1105, 123 S.Ct. 868, 154 L.Ed.2d 773 (2003)). The plaintiff must prevail on each prong to survive a motion to dismiss. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009).

In support of its Motion to Dismiss, Wheeler argues that the non-exclusive factors set forth in *Consulting Engineers* do not support a finding that Wheeler has purposefully availed itself of this forum. (ECF No. 23-1 at 5-6.) These factors include:

- whether the defendant maintains offices or agents in the forum state, *see McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 221, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957);
- whether the defendant owns property in the forum state, *see Base Metal Trading, Ltd. v. OJSC,* 283 F.3d 208, 213 (4th Cir.2002);
- whether the defendant reached into the forum state to solicit or initiate business, *see McGee,* 355 U.S. at 221, 78 S.Ct. 199; *Burger King,* 471 U.S. at 475–76, 105 S.Ct. 2174;
- whether the defendant deliberately engaged in significant or long-term business activities in the forum state, *see Burger King,* 471 U.S. at 475–76, 481, 105 S.Ct. 2174;
- whether the parties contractually agreed that the law of the forum state would govern disputes, *see Burger King,* 471 U.S. at 481–82, 105 S.Ct. 2174;
- whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship, *see Hirschkop & Grad, P.C. v. Robinson,* 757 F.2d 1499, 1503 (4th Cir.1985);
- the nature, quality and extent of the parties' communications about the business being transacted, *see English & Smith,* 901 F.2d at 39; and

- whether the performance of contractual duties was to occur within the forum, *see Peanut Corp. of Am. v. Hollywood Brands, Inc.,* 696 F.2d 311, 314 (4th Cir.1982).

*Consulting Engineers*, 561 F.3d at 278.

Based on these factors, this Court is satisfied that Wheeler has purposefully availed itself of this forum. Specifically, Wheeler has entered into not one, but three agreements with KDX which foresee an ongoing and continuous business relationship with an entity based in Maryland. (ECF No. 23-1 at 7.) While Wheeler may have executed these agreements outside of the forum, these contracts—particularly the 2012 Operating Agreement—foresaw ongoing business activities with a Maryland enterprise. *See* ECF No. 22-5. In addition, each of the three agreements at issue in this case contain choice of law provisions in favor of Maryland law. *See* ECF Nos. 22-5, 22-6, 22-7. While this factor alone does not confer personal jurisdiction over defendant, "it reinforce[s] [defendant's] deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation there." *Burger King*, 471 U.S. at 482. Finally, it is evident that Wheeler travelled to, communicated with, and conducted business with at least one client in the state of Maryland. *See* ECF No. 22-2 at ¶ 10. In sum, these factors support a finding that Wheeler has purposefully availed itself of the privilege of conducting business under the laws of Maryland.[1]

With respect to the second prong of the test for specific jurisdiction—whether the plaintiffs' claims arise out of those activities directed at the state—Wheeler seeks umbrage based on the fact that the contracts were "executed in Rhode Island and secure property

---

[1] Not all of the factors set forth in *Consulting Engineers* necessarily support a finding of purposeful availment. For instance, there is no dispute that Wheeler neither maintains offices or agents in Maryland nor owns property in the state. *See* ECF No. 22 at 7, ECF No. 24 at 3. Nonetheless, the result reached herein is firmly rooted in the factors recited by the Fourth Circuit.

5

located in Rhode Island." (ECF No. 23-1 at 7.) Notwithstanding, the underlying contracts established an ongoing relationship with a business located in Maryland and, crucially, are governed by Maryland law. *See Burger King*, 471 U.S. at 481–82, 105 S. Ct. 2174. Nor can there be any doubt that plaintiff's claim for breach of contract in this case is based on "Wheeler's failure to meet its obligations under the Note and other agreements." (ECF No. 22 at 11.) *See* Amended Complaint, ECF No. 21 at ¶¶ 17-25.) Thus, the second prong of specific jurisdiction is satisfied.

Finally, the exercise of personal jurisdiction over Wheeler must be constitutionally reasonable in order for specific jurisdiction to exist. *ALS Scan*, 293 F.3d at 711–12. This prong "permits a court to consider additional factors to ensure the appropriateness of the forum once it has determined that a defendant has purposefully availed itself of the privilege of doing business there." *Consulting Engineers*, 561 F.3d at 279 (citing *Burger King,* 471 U.S. at 477, 105 S.Ct. 2174). These factors include: "(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." *Id.*

Here, the exercise of personal jurisdiction over the out-of-state defendant is constitutionally reasonable. First, this court has "recognized that in this modern world, it is not unfair to require defendants to travel some distance to defend lawsuits." *Potomac Design, Inc. v. Eurocal Trading, Inc.*, 839 F. Supp. 364, 371 (D. Md. 1993). Second, as the dispute between the parties is subject to Maryland law and a Maryland corporation is alleged to have

been injured by the out-of-state defendant's conduct, Maryland has an interest in having a court which routinely addresses questions of Maryland law adjudicate this case. The third factor noted in *Consulting Engineers* unequivocally points in favor of this court's exercise of jurisdiction over defendant. And the remaining two factors, not addressed by the parties in their briefs, appear to stand in equipoise. In sum, it is constitutionally reasonable for this court to exercise subject matter jurisdiction over Wheeler.

## CONCLUSION

For the reasons stated above, defendant Wheeler Avenue, LLC's Motion to Dismiss Amended Complaint (ECF No. 23) for lack of personal jurisdiction is DENIED.

A separate Order follows.

Dated: October 26, 2016                   /s/
                                                         Richard D. Bennett
                                                         United States District Judge